TOLEDO BAR ASSOCIATION *v.* MARTIN.

[Cite as *Toledo Bar Assn. v. Martin,* 131 Ohio St.3d 134, 2011-Ohio-6396.]

*Attorney misconduct—Failure to cooperate in investigation of alleged misconduct—One-year suspension, all stayed on condition.*

(No. 2011-1401—Submitted September 7, 2011—Decided December 15, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-013.

_____

**Per Curiam.**

{¶ 1} Respondent, David Martin, of Sylvania, Ohio, Attorney Registration No. 0039953, was admitted to the practice of law in Ohio in 1988. In February 2011, relator, the Toledo Bar Association, filed a five-count complaint charging Martin with multiple violations of the Rules of Professional Conduct arising from his conduct while representing five clients in various legal matters.

{¶ 2} In accordance with Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), Martin entered into an agreement with relator on June 7, 2011, in which he admitted having violated Gov.Bar R. V(4)(G) by failing to cooperate in the investigations of his alleged misconduct and Prof.Cond.R. 8.1 by knowingly failing to respond to a demand for information from a disciplinary authority. Relator withdrew the underlying allegations of misconduct relating to Martin's attorney-client relationships. The parties stipulated that a one-year suspension stayed on condition of one year of probation and monitoring was the appropriate sanction.

{¶ 3} The Board of Commissioners on Grievances and Discipline voted to accept the proposed agreement and sanction.

**{¶ 4}** We accept the board's findings of fact, conclusions of law, and recommended sanction.

## Misconduct

### Count I

**{¶ 5}** The stipulated facts demonstrate that on November 15, 2007, Martin met with Anne Furey and Gregory Risk to discuss preparation of wills. The couple paid Martin a $350 fee for the service. When the wills were not immediately received, Furey and Risk filed a grievance with the Toledo Bar Association, and Martin later reimbursed the $350 fee. Martin did not respond to the grievance and was notified by letter on June 20, 2008, of the need to provide a written narrative response. He again failed to reply, and on July 18, 2009, the investigation report was prepared without Martin's written response. After further discovery, Martin was charged with violating Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1.

### Count II

**{¶ 6}** In late 2000, Martin was hired to assist with liquidating certain property belonging to Ryan Black. Black filed a grievance with relator when Martin failed to provide him with an accounting. Martin did not respond to the grievance and was notified by letter on July 11, 2008, of the need to provide a written narrative response. He again failed to reply and was charged with violating Prof.Cond.R. 1.15(d) (failure to provide an accounting), Gov.Bar R. V(4)(G), and Prof.Cond.R. 8.1.

### Count III

**{¶ 7}** On June 4, 2007, John Cunningham paid Martin a retainer of $1,500, but terminated the representation six months later and sought a refund of the unused portion of the retainer. Martin sent Cunningham a check for $760. On January 24, 2009, Cunningham filed a grievance with relator. Martin was notified of the grievance by letter and was asked to provide a written narrative response

within 14 days. He was also asked to provide a response in a letter dated August 19, 2009, and he again failed to do so. After further discovery, Martin was again charged with violating Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1.

*Count IV*

{¶ 8} In January 2008, Abigail Donbrosky paid Martin a $1,500 retainer to file a Chapter 7 bankruptcy on her behalf. After having no contact with Martin for some time, Donbrosky filed a grievance with relator on July 6, 2009. Martin was notified of the grievance by letter and was asked to respond with a written narrative within 14 days. Martin wrote to the investigator and requested an additional ten days to respond. He also sent e-mails stating that his response was forthcoming. Eventually, the investigation report was prepared without Martin's narrative. Martin was charged with violating Prof.Cond.R. 1.3 (failure to act with reasonable diligence and promptness in representing a client) and 1.4(a)(2), (3), and (4) (failure to reasonably consult with the client, failure to keep the client reasonably informed, and failure to comply with reasonable requests for information from the client). He was also charged with violating Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1.

*Count V*

{¶ 9} On July 1, 2008, Michelle Pratt retained Martin to represent her in foreclosure actions and in a bankruptcy filing. Pratt paid a retainer of $1,500, but after becoming dissatisfied with Martin's progress, Pratt filed a grievance on July 31, 2009. Martin was notified of the grievance by letter and was asked to respond in writing. He did not respond, even after he received a second letter reminding him to do so, and the investigation report was prepared without Martin's narrative. Martin was charged with violating Prof.Cond.R. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1.3, and 1.4(a)(2), (3), and (4). Martin was also charged with violating Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1.

**Agreement**

**{¶ 10}** After the formal complaint was filed against him, Martin responded to relator's discovery requests and eventually explained to relator's satisfaction that he had not violated the Rules of Professional Conduct in his representations of the aforementioned clients. Martin and relator entered into an agreement on June 7, 2011, in which he admitted violating Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1. These violations arose from his failure to respond to and cooperate in the investigations in all five counts.

**Sanction**

**{¶ 11}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating circumstances listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 12}** In mitigation, the board noted that Martin had no prior disciplinary history, BCGD Proc.Reg. 10(B)(2)(a). The board found that the failure to respond to relator's inquiries was an aggravating factor, BCGD Proc.Reg. 10(B)(1)(e), but that further investigation did not reveal actionable violations. None of the complaining clients appears to have suffered financial harm, since Martin did complete some legal matters and refunded unearned retainer fees, BCGD Proc.Reg. 10(B)(2)(c), and, where needed, other attorneys provided the required legal services. The board agreed with the parties that Martin's failure to cooperate was uncharacteristic of his usual conduct, BCGD Proc.Reg. 10(B)(2)(e), and that the disciplinary investigations all arose during his handling of major litigation spanning a nine-year period in *Anton v. SBC Global Servs.,*

*Inc.*, E.D.Mich. No. 2:01-CV-40098-SFC. The board found that Martin's failure to cooperate was likely due to his focus on the *Anton* case.

{¶ 13} Based upon Martin's own admissions that he violated Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1 and the fact that he does not have a prior disciplinary record, the board recommends that we impose a one-year stayed suspension, as agreed upon by the parties, on the condition of one year of probation pursuant to Gov.Bar R. V(9) and the appointment of a monitoring lawyer. We adopt the board's recommended sanction.

{¶ 14} Accordingly, David Martin is suspended from the practice of law for a period of one year, with the entire year stayed. The stayed suspension shall include one year of probation and monitoring, and the costs of these proceedings shall be taxed to Martin.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

William G. Meyer and Michael A. Bonfiglio, for relator.

Alvin E. Matthews Jr., for respondent.

_____